# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LUIS MACIAS, et al., | ) | CV F 03 5245 REC DLB |
| | ) | |
| Plaintiffs, | ) | |
| | ) | ORDER REQUIRING PLAINTIFF TO |
| v. | ) | ATTEND DEPOSITION |
| | ) | (Documents 121, 122) |
| | ) | |
| WACKENHUT CORRECTIONS | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On May 6, 2005, defendants Alameida, Tristan, Early, Stewart, Mekemson, Markoff and Chen filed a motion to dismiss the second amended complaint and for sanctions based on plaintiff Luis Macias' failure to attend his deposition on April 26, 2005. On May 17, 2005, defendants Wackenhut Corporation and Zapanta[1] filed a motion to dismiss the second amended complaint on the same grounds. The motion was heard on June 17, 2005, before the Honorable Dennis L. Beck, United States Magistrate Judge. Attorney John G. Tavetian appeared on behalf of Defendants Edward Alameida, Jr., David Tristan and Richard E. Early. William Bruce appeared on behalf of Defendants Wackenhut Corrections Corporation and Chris Strickland. Plaintiffs appeared pro se. Plaintiffs were assisted at the hearing by the Court interpreter.

**BACKGROUND**

Plaintiffs Luis Macias and his wife, Lucia Castellanos ("Plaintiffs") allege civil rights

---

[1] All Defendants will be collectively referred to as "Defendants" in this Order.

1

violations along with medical malpractice, failure to summon medical care and negligent supervision claims under state law. Plaintiffs' claims arise out of medical treatment Luis Macias ("Mr. Macias") received while incarcerated at Golden State Modified Community Correctional Facility and North Kern State Prison. Plaintiffs filed their original complaint on February 26, 2003, an amended complaint on June 5, 2003 and a second amend complaint on April 30, 2004. The trial is currently scheduled for November 29, 2005. On March 29, 2005, the Court granted attorney Daniel Rodriguez' motion to withdraw as attorney of record and Plaintiffs were substituted in his place appearing pro se.

Accordingly to Defendants, their counsel attended a series of properly noticed depositions of Mr. Macias in Bakersfield (where Plaintiffs' former counsel maintained his office) on February 4, 2004, August 19, 2004, September 20, 2004, November 10, 2004 and February 16, 2005 ("the Bakersfield depositions"). The February 4, 2004 deposition was noticed by counsel for the State defendants; all of the other depositions were noticed by defendant Wackenhut. Defendants contend that while Mr. Macias appeared at the Bakersfield depositions, the depositions were fruitless. At the depositions on February 4, 2004, August 19, 2004 and November 10, 2004, Mr. Macias claimed, through counsel, that his physical condition prevented him from providing any deposition testimony. On September 20, 2004, during questioning by Wackenhut's counsel, Mr. Macias provided very brief "background testimony" limited to his recollection (which Defendants contend is flawed) of the identities of his former (pre-incarceration) employers, a brief description of his physical condition and testimony identifying the names and addresses of his current physicians. Defendants claim that before Wackenhut's counsel was able to question Mr. Macias about the critical issues in the case, he claimed that he was physically unable to proceed. The deposition was adjourned at the insistence of Plaintiff's counsel.

Defendants contend that on February 16, 2005, after reneging on a settlement agreement reached with Defendants on February 15, 2005, Mr. Macias indicated he was able to proceed but then his counsel terminated the deposition and advised that a conflict had arisen in his continued representation of Mr. Macias and he planned to renew his motion to withdraw.

1  Defendants contend that during the aborted deposition on November 10, 2004, it was
2  agreed among counsel that future sessions of Mr. Macias' deposition would take place in either
3  Indio or Palm Desert, locations closer to Mr. Macias' residence.
4  After the Court granted Mr. Rodriguez' motion to be relieved as counsel, Defendants
5  scheduled Mr. Macias' deposition to take place in Palm Desert on April 26, 2005.  On April 11,
6  2005, Defendants' counsel served Plaintiffs with a re-notice of oral deposition.  The notice was
7  accompanied by a letter reminding Plaintiffs of the Court's March 15, 2005 order requiring the
8  deposition to be completed by April 29, 2002 and a toll free number to contact defendants.  See
9  Exhibit "A" to Declaration of Dawn Bittleston  Defendants contend that Plaintiff willfully failed
10 to attend the deposition without objection or explanation, thereby preventing Defendants from
11 taking his deposition before the April 30, 2005 deadline imposed by the Court in the March 15,
12 2005 discovery order.  Defendants therefore request dismissal of this action pursuant to Federal
13 Rules of Civil Procedure 41 and 37.  Defendants further request sanctions pursuant to Rule 37(d)
14 in the amount of $2,500.00.
15 Plaintiff's did not file an opposition to the motion but appeared at the hearing and
16 represented that they had notified Mr. Bruce's office that they cold not attend the April 26, 2005
17 deposition.  However, Plaintiffs were unable to provide any detail regarding the telephone call.

### DISCUSSION

19 If a party fails to appear for deposition, sanctions may be imposed even in the absence of
20 a prior court order.  Fed.R.Civ.P. 37(d).  Much broader sanctions may be imposed for violation
21 of a Court order.  Federal Rule of Civil Procedure 41 provides in pertinent part:

> (b) Involuntary Dismissal: effect Thereof.  For failure of the plaintiff to . . . to comply . . .
> with . . . any order of court, a defendant may move for dismissal of an action or of any
> claim against the defendant.

25 Fed.R.Civ.P. 41(b).
26 Sanctions are warranted in this case for plaintiff's complete failure to comply with his
27 discovery obligations.  It appears that plaintiff utterly failed to respond a deposition notice with
28 no explanation.  He has also failed to provide explanation to the Court in response to this motion.

1  The issue is the breath of the sanctions which should be imposed.  Defendants ask for an order
2  dismissing the case.  Defendants also ask for monetary sanctions. The Court may punish a
3  disobedient party by terminating the action by default or dismissal.  Fed.R. Civ. P. 37(b)(2)(C).
4  Such drastic remedies may be ordered only in extreme circumstances, i.e., willful disobedience
5  or bad faith. *In re Exxon Valdez,* 102 F.3d 429, 432.  All that is required to demonstrate
6  willfulness or bad faith is "disobedient conduct not shown to be outside the control of the
7  litigant." *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).  Once the Court finds
8  that discovery violations are due to willfulness, bad faith or fault of the party, it weighs five (5)
9  factors in determining whether to impose a terminating sanction:  (1) the public's interest in
10 expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of
11 prejudice to the party seeking sanctions; (4) the public policy in favor of disposing of cases on
12 their merits; and (5) the availability of less drastic sanctions." *Payne v. Exxon Corp.,* 121 F.3d
13 503, 507 (9th Cir.1997).  The amount of prejudice resulting from the discovery violations and the
14 availability of less drastic sanctions are said to be "key factors."

15        Here, factors one and two are satisfied because both the public and the Court want to
16 minimize further waste of resources.  The third factor is satisfied because Defendants have been
17 prejudiced in that their ability to defend this action has been thwarted by the lack of discovery.
18 However, there is an alternative to dismissal which is likely to be effective, namely a Court order
19 requiring Mr. Macias to attend his deposition.  While intentional disregard of discovery rules
20 may result in default or dismissal even against a pro se litigant, the Court may be more lenient
21 with a party appearing in pro se.  The deposition was rescheduled right after the Court's Order
22 relieving Mr. Rodriguez as counsel.  Under these circumstances, an order specifically requiring
23 Mr. Macias to attend his deposition may be more effective.

24        At the hearing on this motion, the parties agreed to hold Mr. Macias' deposition on July
25 15, 2005 at 9:00 a.m. in Palm Desert, California.  Accordingly, the Court will issue a
26 recommendation to the District Court to deny defendants' motion to dismiss in part.  The Court
27 HEREBY ORDERS Mr. Macias to attend his deposition on July 15, 2005 at 9:00 a.m. as agreed.
28 If Mr. Macias is required to change or cancel this deposition for any reason, he must notify Mr.

Tavetian and Mr. Bruce by telephone and he must also confirm the telephone conversation in writing. The letters confirming any change in the deposition must detail the date, time and description of the call. Mr. Macias must also indicate who he spoke to at defendants' offices. Mr. Macias' failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   June 22, 2005**                         **/s/ Dennis L. Beck**
3c0hj8                                              UNITED STATES MAGISTRATE JUDGE