# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LUIS MACIAS, et al., | ) | CV F 03 5245 REC DLB |
| | ) | |
| Plaintiffs, | ) | |
| | ) | FINDINGS AND RECOMMENDATION RE |
| v. | ) | DEFENDANTS' MOTION TO DISMISS |
| | ) | SECOND AMENDED COMPLAINT AND |
| | ) | REQUEST FOR SANCTIONS |
| WACKENHUT CORRECTIONS | ) | |
| CORPORATION, et al., | ) | (Documents 121, 122) |
| | ) | |
| Defendants. | ) | |

On May 6, 2005, defendants Alameida, Tristan, Early, Stewart, Mekemson, Markoff and Chen filed a motion to dismiss the second amended complaint and for sanctions based on plaintiff Luis Macias' failure to attend his deposition on April 26, 2005. On May 17, 2005, defendants Wackenhut Corporation and Zapanta[1] filed a motion to dismiss the second amended complaint on the same grounds. The motion was heard on June 17, 2005, before the Honorable Dennis L. Beck, United States Magistrate Judge. Attorney John G. Tavetian appeared on behalf of Defendants Edward Alameida, Jr., David Tristan and Richard E. Early. William Bruce appeared on behalf of Defendants Wackenhut Corrections Corporation and Chris Strickland. Plaintiffs appeared pro se. Plaintiffs were assisted at the hearing by the Court interpreter.

**BACKGROUND**

Plaintiffs Luis Macias and his wife, Lucia Castellanos ("Plaintiffs") allege civil rights

---

[1] All Defendants will be collectively referred to as "Defendants" in this Order.

1

violations along with medical malpractice, failure to summon medical care and negligent supervision claims under state law. Plaintiffs' claims arise out of medical treatment Luis Macias ("Mr. Macias") received while incarcerated at Golden State Modified Community Correctional Facility and North Kern State Prison. Plaintiffs filed their original complaint on February 26, 2003, an amended complaint on June 5, 2003 and a second amend complaint on April 30, 2004. The trial is currently scheduled for November 29, 2005. On March 29, 2005, the Court granted attorney Daniel Rodriguez' motion to withdraw as attorney of record and Plaintiffs were substituted in his place appearing pro se.

Accordingly to Defendants, their counsel attended a series of properly noticed depositions of Mr. Macias in Bakersfield (where Plaintiffs' former counsel maintained his office) on February 4, 2004, August 19, 2004, September 20, 2004, November 10, 2004 and February 16, 2005 ("the Bakersfield depositions"). The February 4, 2004 deposition was noticed by counsel for the State defendants; all of the other depositions were noticed by defendant Wackenhut. Defendants contend that while Mr. Macias appeared at the Bakersfield depositions, the depositions were fruitless. At the depositions on February 4, 2004, August 19, 2004 and November 10, 2004, Mr. Macias claimed, through counsel, that his physical condition prevented him from providing any deposition testimony. On September 20, 2004, during questioning by Wackenhut's counsel, Mr. Macias provided very brief "background testimony" limited to his recollection (which Defendants contend is flawed) of the identities of his former (pre-incarceration) employers, a brief description of his physical condition and testimony identifying the names and addresses of his current physicians. Defendants claim that before Wackenhut's counsel was able to question Mr. Macias about the critical issues in the case, he claimed that he was physically unable to proceed. The deposition was adjourned at the insistence of Plaintiff's counsel.

Defendants contend that on February 16, 2005, after reneging on a settlement agreement reached with Defendants on February 15, 2005, Mr. Macias indicated he was able to proceed but then his counsel terminated the deposition and advised that a conflict had arisen in his continued representation of Mr. Macias and he planned to renew his motion to withdraw.

1   Defendants contend that during the aborted deposition on November 10, 2004, it was
2   agreed among counsel that future sessions of Mr. Macias' deposition would take place in either
3   Indio or Palm Desert, locations closer to Mr. Macias' residence.
4   After the Court granted Mr. Rodriguez' motion to be relieved as counsel, Defendants
5   scheduled Mr. Macias' deposition to take place in Palm Desert on April 26, 2005.  On April 11,
6   2005, Defendants' counsel served Plaintiffs with a re-notice of oral deposition.  The notice was
7   accompanied by a letter reminding Plaintiffs of the Court's March 15, 2005 order requiring the
8   deposition to be completed by April 29, 2002 and a toll free number to contact defendants.  See
9   Exhibit "A" to Declaration of Dawn Bittleston  Defendants contend that Plaintiff willfully failed
10  to attend the deposition without objection or explanation, thereby preventing Defendants from
11  taking his deposition before the April 30, 2005 deadline imposed by the Court in the March 15,
12  2005 discovery order.  Defendants therefore request dismissal of this action pursuant to Federal
13  Rules of Civil Procedure 41 and 37.  Defendants Wackenhut and Dr. Zapanta seek sanctions in
14  the amount of $2,955.89 and the remaining defendants seek sanctions in the amount of
15  $2,500.00.
16  Plaintiff's did not file an opposition to the motion but appeared at the hearing and
17  represented that they had notified Mr. Bruce's office that they cold not attend the April 26, 2005
18  deposition.  However, Plaintiffs were unable to provide any detail regarding the telephone call.

19  **DISCUSSION**

20   If a party fails to appear for deposition, sanctions may be imposed even in the absence of
21  a prior court order.  Fed.R.Civ.P. 37(d).  Much broader sanctions may be imposed for violation
22  of a Court order.  Federal Rule of Civil Procedure 41 provides in pertinent part:
23  (b) Involuntary Dismissal: effect Thereof.  For failure of the plaintiff to . . . to comply . . .
24  with . . . any order of court, a defendant may move for dismissal of an action or of any
25  claim against the defendant.
26  Fed.R.Civ.P. 41(b).
27  Sanctions are warranted in this case for plaintiff's complete failure to comply with his
28  discovery obligations.  It appears that plaintiff utterly failed to respond a deposition notice with

no explanation. He has also failed to provide explanation to the Court in response to this motion. The issue is the breath of the sanctions which should be imposed. Defendants ask for an order dismissing the case. Defendants also ask for monetary sanctions. The Court may punish a disobedient party by terminating the action by default or dismissal. Fed.R. Civ. P. 37(b)(2)(C). Such drastic remedies may be ordered only in extreme circumstances, i.e., willful disobedience or bad faith. *In re Exxon Valdez,* 102 F.3d 429, 432. All that is required to demonstrate willfulness or bad faith is "disobedient conduct not shown to be outside the control of the litigant." *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993). Once the Court finds that discovery violations are due to willfulness, bad faith or fault of the party, it weighs five (5) factors in determining whether to impose a terminating sanction: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy in favor of disposing of cases on their merits; and (5) the availability of less drastic sanctions." *Payne v. Exxon Corp.,* 121 F.3d 503, 507 (9th Cir.1997). The amount of prejudice resulting from the discovery violations and the availability of less drastic sanctions are said to be "key factors."

     Here, factors one and two are satisfied because both the public and the Court want to minimize further waste of resources. The third factor is satisfied because Defendants have been prejudiced in that their ability to defend this action has been thwarted by the lack of discovery. However, there is an alternative to dismissal which is likely to be effective, namely a Court order requiring Mr. Macias to attend his deposition. While intentional disregard of discovery rules may result in default or dismissal even against a pro se litigant, the Court may be more lenient with a party appearing in pro se. The deposition was rescheduled right after the Court's Order relieving Mr. Rodriguez as counsel. Under these circumstances, an order specifically requiring Mr. Macias to attend his deposition may be more effective.

     At the hearing on this motion, the parties agreed to hold Mr. Macias' deposition on July 15, 2005 at 9:00 a.m. in Palm Desert, California. Accordingly, by separate order, the Court will require Mr. Macias to attend his deposition as agreed and the Court HEREBY RECOMMENDS that Defendants' motion to dismiss be denied. However, the Court RECOMMENDS that

defendants request for monetary sanctions be granted and that the sanctions be deducted from any recovery by Plaintiff's in this case or be added to any costs recovered by Defendants.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 21, 2005**                  /s/ Dennis L. Beck
3c0hj8                                UNITED STATES MAGISTRATE JUDGE