IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LUIS MACIAS, et al., | ) | NO. CV-F-03-5245 REC/DLB |
| | ) | |
| | ) | ORDER GRANTING DEFENDANTS' |
| | ) | MOTIONS FOR SUMMARY JUDGMENT |
| Plaintiff, | ) | (Docs. 135 & 139), DIRECTING |
| | ) | CLERK TO ENTER JUDGMENT FOR |
| vs. | ) | DEFENDANTS, AND VACATING |
| | ) | ORAL ARGUMENT SET FOR |
| | ) | DECEMBER 5, 2005 |
| WACKENHUT CORRECTIONS | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendants Edward Alameida, Jr., David Tristan, Richard E. Early, Robert Mekemson, William Chen, James Stewart, and Sven Markoff, and defendants Wackenhut Corrections Corporation and D.V. Zapanta, M.D. respectively filed motions for summary judgment, noticing the motions for hearing on October 17, 2005. Because plaintiffs did not file timely oppositions to the motions or statements of non-opposition, by Order filed on October 7, 2005, the court continued oral argument on the motions to December 5, 2005. The court also ruled:

1

> Plaintiffs are advised that their opposition or statement of non-opposition to the motion[s] for summary judgment must be filed in accordance with the requirements set forth in Rule 56-260, Local Rules of Practice. In addition, plaintiffs opposition or statement of non-opposition must be filed and served within the time prescribed in Rule 78-230(c), Local Rules of Practice, i.e., on or before Monday, November 21, 2005. Failure to comply with these rules and this order will result in the granting of defendants' motion[s] for summary judgment.

Plaintiffs have not filed oppositions or statements of non-opposition to the motions for summary judgment.

Pursuant to Martinez v. Stanford, 323 F.3d 1178 (9th Cir. 2003), the court has reviewed the respective motions for summary judgment and supporting evidence. The court concludes from its review that the defendants have established that there are no issues of material fact and that the defendants are entitled to summary judgment as a matter of law.[1]

ACCORDINGLY:

1. The motions for summary judgment filed by defendants Edward Alameida, Jr., David Tristan, Richard E. Early, Robert

---

[1] Wackenhut Corrections Corporation argues that it is entitled to summary judgment with respect to plaintiffs' claims for relief under Section 1983, citing Correctional Serv. Corp. v. Malesko, 534 U.S. 61 (2001). Malesko has no application to this action because it involved a Bivens action. From the court's research, Wackenhut Corrections Corporation is a proper defendant under Section 1983. Where a private prison-management corporation assumes responsibility for running a prison, its actions are conducted under color of state law because the confinement of criminals is a fundamental government function. See Rosborough v. Management & Training Corp., 350 F.3d 459 (5th Cir. 2003); Skelton v. Pri-Cor, Inc., 963 F.2d 100 (6th Cir. 1991). However, because the employees of Wackenhut are entitled to summary judgment, Wackenhut is also entitled to summary judgment.

Mekemson, William Chen, James Stewart, and Sven Markoff, and defendants Wackenhut Corrections Corporation and D.V. Zapanta, M.D. are granted.

    2.  The Clerk of the Court is directed to enter judgment for defendants.

    3.  Oral argument set for December 5, 2005 is vacated.

    IT IS SO ORDERED.

**Dated:  November 23, 2005**          /s/ Robert E. Coyle
668554                      UNITED STATES DISTRICT JUDGE

3